[Docket No. 6]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| CITY OF MARGATE,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, WEEKS MARINE INC., and UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>    Defendants. | Civil No. 17-5766 (RMB/JS)<br><br>**ORDER** |

THIS MATTER having come before the Court upon the Motion for Emergent Dissolution of Temporary Restraints [Docket No. 6] by Defendant Army Corps of Engineers (the "Army Corps") seeking the immediate dissolution of the temporary restraints issued by the Honorable Julio L. Mendez of the Superior Court of New Jersey, Atlantic County, Chancery Division, on August 3, 2017 [Docket No. 1-4], enjoining the construction of the Absecon Island Coastal Storm Risk Reduction Project (the "Project"), prior to removal of the action to federal court; and Plaintiff City of Margate ("Margate") opposing the motion; and Defendant Weeks Marine Inc. ("Weeks") not opposing the motion; and the Court having considered the parties' submissions; and the Court having held a hearing and considered testimony on the motion on

1

August 9, 2017; and for the reasons set forth in the accompanying Opinion issued on this date;

IT IS HEREBY, on this **10th** day of **August 2017**,

**ORDERED** that the Army Corps' Motion for Emergent Dissolution of Temporary Restraints [Docket No. 6] is **GRANTED, in part**; and it is further

**ORDERED** that the Army Corps and Weeks may immediately proceed with construction of the Project; at the same time, the Army Corps and Weeks must comply with the following concurrent conditions:

(1) The Army Corps must continue its data collection and investigation efforts regarding the root causes of the ponding and possible solutions and share those results with the NJDEP and Margate as soon as they become feasibly available, with a goal towards improving and implementing modifications to the following mitigation measures; the Army Corps shall also promptly report the results of such investigation to United States Magistrate Judge Schneider, who will remain available to monitor and resolve any disputes regarding the execution of this Order;

(2) The Army Corps must take measures to immediately fence off any areas that currently have ponding of two (2) or more inches in depth, that has lasted for more than twenty-

2

four (24) hours and has not percolated as anticipated, to prohibit access to the affected area of the beach;

(3) The Army Corps must test the water quality in the event of ponding of two (2) inches or more in depth that sits for more than twenty-four (24) hours without percolating; the results of such tests may necessitate limited partial beach closures to protect the public;

(4) The Army Corps must pump future ponded water out of the basins as soon as practicable once ponded water levels reach four (4) inches in depth, and without waiting a twenty-four (24) hour period, and such pumping must be performed on an ongoing basis, twenty-four (24) hours per day, if necessary, until standing water dissipates; once pumping has been completed, if two (2) or more inches of standing water remain for twenty-four (24) hours, the Army Corps must take measures consistent with provision (2) above;

(5) The Army Corps must take measures to excavate any areas where a sludge layer has formed as a result of ponding which did not percolate within thirty-six (36) hours;

(6) The Army Corps must construct elevated walkways, where feasible, and maintain existing elevated walkways across the basins on the beach to minimize fencing, facilitate

3

safe beach access, and avoid contact with standing water and/or sludge;

(7)  Fences may be removed once the above measures have been taken and the ponding has percolated and/or the above-described sludge layer has been excavated, and no quantifiable health risks have been documented;

(8)  Margate shall take all reasonable measures to advise its residents of which areas are either fenced or closed and should not be accessed;

(9)  The foregoing preventative measures shall be done in a reasonably expeditious manner and to the extent reasonably practicable;

(10) The Army Corps shall photographically document the beach and ponding conditions on a daily basis beginning on August 10, 2017 and provide such pictures on a schedule to be set by Magistrate Judge Schneider;

(11) Any disputes or questions regarding compliance with or implementation of this Order, which cannot be resolved by the parties in good faith, shall be presented to Magistrate Judge Schneider for resolution;

(12) The Army Corps and Weeks shall take all other necessary steps to prevent and remedy ponding on the beach, to the extent that other mitigating and remedial measures

4

    are available that are not expressly addressed in this Order;

and it is further

    **ORDERED** that, to the extent that the parties have either agreed upon or presented to this Court's satisfaction improvements to the foregoing measures, the Court may modify this Order upon application of a party; and it is further

    **ORDERED** that a conference call is scheduled with Magistrate Judge Schneider on **August 11, 2017 at 12:00 p.m.**; Plaintiff shall initiate the call; and it is further

    **ORDERED** that the temporary restraints are extended through **August 25, 2017** for good cause, pursuant to Federal Rule of Civil Procedure 65; and it is further

    **ORDERED** that the Court shall conduct a status conference on **August 23, 2017 at 10:00 a.m.** in Courtroom 3D, Mitchell H. Cohen Federal Courthouse, 4th and Cooper Streets, Camden, New Jersey.

                                               s/Renée Marie Bumb
                                               RENÉE MARIE BUMB
                                               UNITED STATES DISTRICT JUDGE